■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. SHIRLEY FAIRLEY, Mother on Behalf of TROY AGARD, an Infant, Respondent, v. "JOHN DOE" et al., Appellants, and COMMISSIONER OF WELFARE OF THE CITY OF NEW YORK, Respondent.— Order and judgment sustaining a writ of habeas corpus obtained by petitioner-mother and decreeing that the custody of the infant be awarded to said petitioner and her husband, unanimously reversed on the law and on the facts and in the exercise of discretion, without costs or disbursements, and matter remanded to Special Term, Mr. Justice QUINN presiding, for further hearing, in accordance with the suggestions herein. There should be further exploration of petitioner's claim of duress, which, she alleges, compelled her execution of the contract of surrender. Persons having knowledge of the circumstances leading to, and surrounding, the execution of the surrender agreement should be called to testify at the further hearing, including the notary public before whom the petitioner executed the document in question and all representatives of the Department of Welfare and Spence Chapin Adoption Service having knowledge of any relevant facts relating to the surrender agreement. While, under the circumstances, there should be finally resolved whether the contract of surrender was executed as a result of duress, it appears from this record that, presently, the petitioner and her husband are totally unfit to have custody of the child. Concur — Botein, P. J., Eager, Capozzoli, Tilzer and McNally, JJ.

■ SAM SILFEN, Appellant, v. UNITED WHELAN CORPORATION, Respondent. — Order, entered on March 3, 1966, granting defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, with $50 costs and disbursements to appellant, and motion denied. While this complaint is no model of an artful pleading, the allegations therein are sufficiently particular to apprise the court and the parties of the subject matter of the controversy. (Foley v. D'Agostino, 21 A D 2d 60.) The complaint sufficiently alleges breach of a retirement agreement and resulting damages. Concur — Botein, P. J., Eager, Capozzoli, Tilzer and McNally, JJ.